■ KRISTEN G. KARCHERE et al., Respondents, v PIONEER TRANSPORTATION CORP. et al., Appellants, and KAREN P. BURROUGHS, Respondent. [625 NYS2d 52] —In an action to recover damages for personal injuries, etc., the defendants Pioneer Transportation Corp. and Dorothy Belger appeal from an order of the Supreme Court, Richmond County (Amann, J.), entered July 19, 1993, which denied their motion for summary judgment dismissing the complaint and the cross claim insofar as they are asserted against them.

Ordered that the order is reversed, on the law, the motion is granted, the plaintiff's complaint and the cross claim of the defendant Karen P. Burroughs are dismissed insofar as they are asserted against the appellants, and the action against the defendant Karen P. Burroughs is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The infant plaintiff Kristen Grace Karchere (hereinafter the plaintiff) was injured while crossing Bloomingdale Road in Staten Island when she was struck by an automobile driven by the defendant Karen P. Burroughs who was travelling north on Bloomingdale Road. The plaintiff was walking in an easterly direction to reach her school bus stop located across Bloomingdale Road on Alysia Court. At the time, a school bus owned by the defendant Pioneer Transportation Corp. (hereinafter Pioneer) and operated by the defendant Dorothy Belger (hereinafter Belger) was in the southbound lane of Blooming-

dale Road, just south of the accident site. The plaintiffs allege that Belger and Pioneer violated Vehicle and Traffic Law § 1174 (b) and § 375 (20) (a) which, insofar as relevant to this case, require a school bus driver to keep the bus stopped with red signal lights flashing when receiving or discharging passengers until such passengers have reached the opposite side of the street and to instruct passengers to cross in front of the bus. We disagree.

Where the intent of the Legislature in enacting a statute is to protect a class of individuals, a plaintiff must fall within the scope of the statute to be entitled to its protection *(see, Lopes v Rostad,* 45 NY2d 617, 623). The language and legislative history of Vehicle and Traffic Law § 1174 (b) and § 375 (20) (a) indicate that the statutes were designed to protect school children who are passengers boarding or alighting from a particular bus *(see, Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, 245; *Aridas v Caserta,* 41 NY2d 1059, 1061; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 286, 288, *affd* 51 NY2d 752; 1954 NY Legis Doc No. 36, at 98-99).

Here, liability cannot be imposed based on violations of Vehicle and Traffic Law § 1174 (b) and § 375 (20) (a) because, under the circumstances of this case, the plaintiff is not within the class of persons sought to be protected by the statutes. The plaintiff was not a passenger boarding or leaving the bus. The plaintiff merely passed the rear of the bus as she crossed the street and had not been proceeding toward the bus when she was injured. Thus, Belger owed no statutory duty to the plaintiff. In addition, there is no evidence that Belger otherwise operated the bus in a negligent manner. Consequently, the appellants' motion for summary judgment should have been granted. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.