◼ MICHELLE D. KEISER, an Infant, by Her Mother and Natural Guardian, JOANNE VESSELAK, et al., Appellants, v MEGAN ELMER, Appellant, and AMBOY BUS Co. et al., Respondents. [639 NYS2d 118]

Early one morning, the 12-year-old plaintiff Michelle Dawn Keiser missed her east-bound school bus. While Michelle and her mother, the plaintiff Joanne Veselak, were still in front of their house, Veselak instructed Michelle to stay put while Veselak crossed the two-way street to flag down an approaching

west-bound school bus. This west-bound school bus was owned by the defendant Amboy Bus Co. (hereinafter Amboy) and operated by the defendant Richard Blagar. Blagar saw Veselak frantically waving her arms. Before Blagar stopped the bus he turned on the bus' hazard lights but did not turn on the bus' warning lights. This bus was not Michelle's school bus, and the stop it made in response to Veselak's request was not at a designated bus stop. When the bus came to a stop, Veselak asked the bus driver if he would drive Michelle to the Hauppauge Middle School because she had missed her bus that morning. Veselak also alleges that she pointed toward her daughter who she assumed had remained on the other side of the road. As the bus driver turned to look, Veselak heard the sound of a car striking her daughter. This car was driven by the defendant Megan Elmer, who was travelling east-bound.

The plaintiffs allege that Amboy and Blagar violated provisions of the Vehicle and Traffic Law § 1174 (b) which, among other things, requires a school bus driver to activate flashing red signal lights when receiving or discharging students until such passengers have reached the opposite side of the street and to instruct passengers to cross in front of the bus.

Vehicle and Traffic Law § 1174 was designed to protect school children who are passengers boarding or alighting from a particular bus *(see, Karchere v Pioneer Transp. Corp.,* 213 AD2d 700, 701). The infant plaintiff Michelle had not disembarked from the bus, was not designated to board this particular school bus, and Blagar did not stop his bus for the purpose of picking up Michelle. Accordingly, she does not fall within the class of individuals entitled to the protection of Vehicle and Traffic Law § 1174 (b) *(see, Karchere v Pioneer Transp. Corp., supra,* at 701). Thus, neither Amboy nor its driver owed Michelle the statutory duty of care.

It is well settled that before a defendant may be held liable for negligence under the common law, it must be shown that the defendant owes a duty to the plaintiff *(see, Strauss v Belle Realty Co.,* 65 NY2d 399; *Pulka v Edelman,* 40 NY2d 781). A school and those acting for it owe a duty of reasonable care to students in their "physical custody or orbit of authority" *(Chainani v Board of Educ.,* 87 NY2d 370, 378; *Pratt v Robinson,* 39 NY2d 554, 560). Michelle was not in the bus driver's custody when she was injured. Rather, she was in the custody of her mother. The bus driver was not in the process of transporting Michelle or discharging her from the Amboy bus; thus no duty of care arose. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.