■ RICHARD PETRY et al., Respondents, v DONALD JOCKERS, Defendant, and 6101 REALTY CORP. et al., Appellants. (And a Third-Party Action.) [724 NYS2d 77] —In an action to recover damages for personal injuries, etc., the defendants 6101 Realty Corp. and CCS Queens Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 7, 1999, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as as-

serted against the appellants is granted, and the complaint is dismissed in its entirety.

The plaintiff Richard Petry allegedly was injured when boulders loaded onto the rear of his truck shifted and crashed into the cab of the truck as he was driving on the Long Island Expressway. Petry and his wife brought this action against, among others, the appellants, the general contractors at the construction site from where the boulders were taken. The appellants moved for, among other relief, summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not owe a duty of care to Petry. The Supreme Court denied the appellants' motion. We reverse.

"It is well settled that before a defendant may be held liable for negligence under the common law, it must be shown that the defendant owes a duty to the plaintiff (*see, Strauss v Belle Realty Co.,* 65 NY2d 399; *Pulka v Edelman,* 40 NY2d 781)" (*Keiser v Elmer,* 225 AD2d 589, 590). In opposition to the appellants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the appellants voluntarily assumed a duty of care to Petry or supervised the loading and securing of boulders onto the rear of the truck. Therefore, the appellants were entitled to summary judgment dismissing the complaint insofar as asserted against them (*see, Pulka v Edelman, supra*; *cf., Cohen v Heritage Motors Tours,* 205 AD2d 105).

In light of our determination, we need not reach the appellants' remaining contentions. Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.