Zukowski v Powell Cove Estates Home Owners Assn., Inc. (2020 NY Slip Op 05974)





Zukowski v Powell Cove Estates Home Owners Assn., Inc.


2020 NY Slip Op 05974


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-05802
 (Index No. 700468/12)

[*1]Vincent Zukowski, etc., et al., plaintiffs-respondents,
v
Powell Cove Estates Home Owners Association, Inc., et al., defendants, AVR-Powell C. Development Corp., et al., defendants third-party plaintiffs-appellants-respondents; Jaman Development, LLC, third-party defendant-respondent, A-One Landscape Management, Inc., third-party defendant-respondent-appellant.


Cascone & Kluepfel, LLP, Garden City, NY (Olympia Rubino of counsel), for defendants third-party plaintiffs-appellants-respondents.
Gorton & Gorton, LLP, Garden City, NY (John T. Gorton of counsel), for third-party defendant-respondent-appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for plaintiffs-respondents.
Martyn & Martyn, Mineola, NY (Christine J. Hill of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, and the third-party defendant A-One Landscape Management, Inc., separately appeals, from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered April 20, 2018. The order, insofar as appealed from by the defendants third-party plaintiffs, denied those branches of their motion which were for summary judgment dismissing the plaintiffs' causes of action alleging common-law negligence, a violation of Labor Law § 200, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on an alleged violation of 12 NYCRR 23-1.7(d) insofar as asserted against them, and for summary judgment on their third-party causes of action for contractual indemnification. The order, insofar as appealed from by third-party defendant A-One Landscape Management, Inc., denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it and dismissing the cross claim for contribution of third-party defendant Jaman Development, LLC, asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the third-party defendant A-One Landscape Management, Inc., which were for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for failure to procure insurance insofar as against it, and the cross claim for contribution of Jaman Development, LLC, asserted against it, and substituting therefor a provision granting those branches of that motion; as so modified, the order is affirmed [*2]insofar as appealed from, with one bill of costs to the plaintiffs and the third-party defendant Jaman Development, LLC, appearing separately and filing separate briefs, payable by the defendants third-party plaintiffs, and one bill of costs to the third-party defendant A-One Landscape Management, Inc., payable by the third-party defendant Jaman Development, LLC.
The plaintiffs commenced this action, inter alia, to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241(6) in connection with personal injuries allegedly sustained by the plaintiff Vincent Zukowski, Sr. (hereinafter the injured plaintiff), on March 1, 2010, when he slipped and fell twice on ice at premises being built by the defendants AVR Powell C. Development Corp. (hereinafter AVR) and Powell Cove Associates, LLC (hereinafter together with AVR, the defendants). The injured plaintiff was performing excavation work for his employer, third-party defendant Jaman Development, LLC (hereinafter Jaman), pursuant to its contract with AVR. The defendants commenced a third-party action against Jaman and third-party defendant A-One Landscape Management, Inc. (hereinafter A-One), asserting causes of action against each for contractual and common-law indemnification and to recover damages for failure to procure insurance. The defendants moved, among other things, for summary judgment dismissing the plaintiffs' causes of action alleging common-law negligence, a violation of Labor Law § 200, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon an alleged violation of 12 NYCRR 23-1.7(d) insofar as asserted against them, and for summary judgment on their third-party causes of action seeking contractual indemnification from Jaman and A-One. A-One separately moved for summary judgment dismissing the third-party complaint insofar as asserted against it and dismissing Jaman's cross claim for contribution as asserted against it. The Supreme Court denied the motions. The defendants appeal and A-One separately appeals.
"Section 200 of the Labor Law is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work" (Lombardi v Stout, 80 NY2d 290, 294). "It is well settled that an implicit precondition to this duty is that the party to be charged with that obligation have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [emphasis and internal quotation marks omitted]). "Where, as here, a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (Mikelatos v Theofilaktidis, 105 AD3d 822, 823 [internal quotation marks omitted]; see DeFelice v Seakco Constr. Co., LLC, 150 AD3d 677).
Here, it is undisputed that the defendants had control over the work site. While the defendants argue that the plaintiffs failed to show that the defendants created or had actual or constructive notice of the claimed dangerous condition, this is an inversion of the defendants' burden on their summary judgment motion. As the proponents of a summary judgment motion, the defendants were required to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate all triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; D'Esposito v Manetto Hill Auto Serv., Inc., 150 AD3d 817, 817-818). This they failed to do. The defendants failed to show prima facie that they did not cause, create, or have actual or constructive notice of the alleged icy conditions which caused the injured plaintiff to fall. The injured plaintiff's own deposition testimony, a transcript of which was submitted by the defendants in support of their motion, presented triable issues of fact as to whether the defendants knew about the inches of ice that had accumulated on both the tracks of the excavator the plaintiff was operating and the only path by which the plaintiff could reach the excavator. The plaintiff alleges that he slipped on the ice on the tracks of the excavator and the ice on the path to the excavator at approximately 8:30 a.m.
The defendants submitted certified meteorological records in support of their motion which indicate that the last precipitation prior to the accident occurred on February 27, 2010, at 4:00 a.m., and that there had been several days of precipitation in the days prior, beginning February 22, 2010. On February 25 and 26, snowfall of 3.7 inches and 8.3 inches, respectively, was recorded. On February 26, 27, and 28, at 7:00 a.m., snow/ice depth on the ground was measured at 10 inches, [*3]8 inches, and 7 inches, respectively. The lows on February 25, 26, 27, and 28 were 29, 27, 30, and 33 degrees Fahrenheit, respectively. On the day of the accident, March 1, 2010, from 12:51 a.m. to 8:51 a.m., the nine recorded hourly temperatures at LaGuardia airport were 38, 37, 37, 38, 38, 38, 38, 39, and 41 degrees Fahrenheit. At 7:00 a.m., the snow/ice depth on the ground was measured at 5 inches. Contrary to the defendants' contentions, the records submitted, standing alone, fail to show as a matter of law that it would have been impossible for a dangerous icy condition to have been present as alleged by the injured plaintiff.
"[A] party seeking contractual indemnification must establish that it was free from negligence and that it may be held liable solely by virtue of statutory or vicarious liability" (Arriola v City of New York, 128 AD3d 747, 749). As the defendants failed to demonstrate that they were free from negligence, the defendants consequently failed to show prima facie entitlement to contractual indemnification from either Jaman or A-One (see Jardin v A Very Special Place, Inc., 138 AD3d 927, 930-931; Arriola v City of New York, 128 AD3d at 749). Moreover, the applicable contractual provisions for indemnification provide for indemnification only for losses or injuries due at least in part to the acts of the indemnitors. The defendants failed to make the requisite showing that Jaman or A-One was negligent (see Holub v Pathmark Stores, Inc., 66 AD3d 741, 742-743).
Labor Law § 241(6) provides: "All contractors and owners and their agents . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: . . . (6) All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, [and] equipped . . . as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." Labor Law § 241(6) imposes a nondelegable duty on "owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]).
12 NYCRR 23-1.7(d) provides: "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." The section is sufficiently specific to act as a predicate for Labor Law § 241(6) liability (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 351; see also Whalen v City of New York, 270 AD2d 340, 342).
In Reynoso v Bovis Lend Lease LMB, Inc., this Court held that 12 NYCRR 23-1.7(d) "unequivocally directs that ice and snow shall be removed from worksites so as to provide safe footing" (Reynoso v Bovis Lend Lease LMB, Inc., 125 AD3d 740, 742 [internal quotation marks omitted]). The plaintiff was required as part of his work to walk from one area of the construction site to another over an area that was covered in snow and ice. Upon those facts, this Court affirmed the Supreme Court's award of summary judgment to the plaintiff on his Labor Law § 241(6) cause of action as predicated on the violation of 12 NYCRR 23-1.7(d).
Here, similarly, the injured plaintiff testified that the subject path was his only means of going to and from the excavator. The injured plaintiff further testified that the subject path was flanked by piles of snow that were several feet high. This testimony, which was submitted by the defendants in support of their motion, failed to eliminate triable issues of fact as to whether the subject area traversed by the plaintiff constituted a walkway within the meaning of 12 NYCRR 23-1.7(d) and, if so, whether there was a violation of the section and whether that violation was a proximate cause of the accident. As the defendants failed to meet their prima facie burden, that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon an alleged violation of 12 NYCRR 23-1.7(d) was properly denied, "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court should have granted those branches of A-One's motion which [*4]were for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for failure to procure insurance, as well as Jaman's cross claim for contribution. A-One showed prima facie that its written contract with AVR was a final agreement that did not obligate it to perform any snow or ice removal work. A-One also submitted an affidavit from its president asserting that A-One performed certain limited snow and ice removal work for AVR pursuant to a separate oral agreement and that the oral agreement did not require A-One to perform snow and ice removal work where the injured plaintiff alleges he slipped. In addition, copies of certificates of insurance were annexed to the agreement submitted.
In opposition, the defendants failed to raise a triable issue of fact as to the applicability of the written indemnification provision to a subsequent and separate oral contract and failed to establish that there had been an oral modification sufficient to defeat the no-oral modifications clause of the written agreement (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413). The defendants failed to oppose A-One's motion as to the failure to procure insurance, and Jaman submitted no opposition as to A-One's application for dismissal of its cross claim for contribution. Nevertheless, A-One was not entitled to dismissal of the cause of action for common-law indemnification, as it may yet be found at trial that A-One, and not the defendants, was at fault (see Arrendal v Trizechahn Corp., 98 AD3d 699).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court