Barreiros v Inter County Paving Assoc., LLC (2021 NY Slip Op 01381)





Barreiros v Inter County Paving Assoc., LLC


2021 NY Slip Op 01381


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-04660
 (Index No. 30545/11)

[*1]Fernando Barreiros, plaintiff, 
v
Inter County Paving Associates, LLC, defendant third-party plaintiff-appellant, et al., defendants; Sweet Hollow Management Corp., third-party defendant-respondent.


Clausen Miller, P.C., New York, NY (Kimbley A. Kearney, Carl M. Perri, and Matthew T. Leis of counsel), for defendant third-party plaintiff-appellant.
The Latronica Law Firm, P.C., Levittown, NY (Robert R. Latronica and Christian Siragusa of counsel), for plaintiff.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated March 13, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendant third-party plaintiff which was for summary judgment on the third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on August 10, 2010, while he was working on a project to resurface a portion of the Long Island Expressway. At the time of the incident, the plaintiff was performing work for his employer, the third-party defendant, Sweet Hollow Management Corp. (hereinafter Sweet Hollow). The work was performed pursuant to a subcontract entered into between Sweet Hollow, as subcontractor, and the defendant third-party plaintiff, Inter County Paving Associates, LLC (hereinafter Inter County), as contractor. Specifically, the plaintiff was hauling milled asphalt from the Long Island Expressway to a nearby dump site. On his fifth haul of the evening, the plaintiff's truck tipped over while he attempted to unload the millings at the dump site.
Inter County commenced a third-party action against Sweet Hollow, asserting causes of action for contractual indemnification and to recover damages for failure to procure insurance in breach of the subcontract. After the completion of discovery, Inter County moved, inter alia, for summary judgment on the third-party complaint. Sweet Hollow opposed that branch of the motion. In an order dated March 13, 2017, the Supreme Court, inter alia, denied that branch of the motion. Inter County appeals.
In the context of construction contracts, contractors are prohibited from seeking contractual indemnification for their own negligence (see General Obligations Law § 5-322.1). Thus, Inter County, as the party seeking contractual indemnification, "must prove itself free from [*2]negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified" (Fedrich v Granite Bldg. 2, LLC, 165 AD3d 754, 756 [internal quotation marks omitted]).
Here, the plaintiff alleged, in relevant part, that Inter County's employees supervised and/or controlled the manner in which millings were loaded onto his truck, and that the truck tipped over due to improper loading. In its motion papers, Inter County failed to establish, prima facie, that it did not supervise or control the loading of the plaintiff's truck (see Petry v Jockers, 283 AD2d 411, 412), or that any negligence on its part was not a proximate cause of the accident (see Valle v Port Auth. of N.Y. & N.J., 189 AD3d 594). Under these circumstances, Inter County failed to establish its prima facie entitlement to contractual indemnification from Sweet Hollow (see Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099, 1102).
Inter County's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of Inter County's motion which was for summary judgment on the third-party complaint.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court