Baum v Javen Constr. Co., Inc. (2021 NY Slip Op 03678)





Baum v Javen Constr. Co., Inc.


2021 NY Slip Op 03678


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


67 CA 20-00584

[*1]BRYAN R. BAUM, PLAINTIFF-RESPONDENT,
v
JAVEN CONSTRUCTION CO., INC., DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, BUFFALO (H. CHRISTOPHER BARTOLOMUCCI OF COUNSEL), FOR DEFENDANT-APPELLANT.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (SAMUEL J. CAPIZZI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 2, 2020. The amended judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously vacated without costs, the order entered August 8, 2019 is modified on the law by denying the motion, and as modified the order is affirmed and the matter is remitted to Supreme Court, Erie County, for a trial on the issue of liability and, if liability is established, for a new trial on the issue of damages.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell on a path covered by ice and snow while carrying elevator rails to be installed at a construction project. Defendant acted as general contractor on the project and hired plaintiff's employer to install an elevator for the project. After Supreme Court granted plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action and denied defendant's cross motion insofar as it sought summary judgment dismissing that same cause of action, the case proceeded to trial solely on the issue of damages with respect to the Labor Law § 241 (6) cause of action. The jury ultimately returned a verdict awarding plaintiff damages.
At the outset, we note that defendant's appeal from the amended final judgment brings up for review the non-final order resolving the parties' respective motion and cross motion for summary judgment (prior order) (see CPLR 5501 [a] [1]; Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1390 [4th Dept 2014]). With respect to the prior order, defendant contends that the court erred in granting the motion and denying the cross motion with respect to the Labor Law § 241 (6) cause of action because Industrial Code (12 NYCRR) 23-1.7 (d) did not apply to the facts of this case. We reject that contention. Section 23-1.7 (d), which governs slipping hazards, states in relevant part that "employers shall not . . . permit any employee to use a floor, passageway, [or] walkway . . . which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." The term passageway has been interpreted as meaning "a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (Steiger v LPCiminelli, Inc., 104 AD3d 1246, 1250 [4th Dept 2013]).
Generally, a parking lot will not be considered a passageway where it is primarily functioning as a parking lot at the time of the accident (see id. at 1251; Talbot v Jetview Props., LLC, 51 AD3d 1396, 1397-1398 [4th Dept 2008]). Here, however, both parties submitted deposition testimony establishing that the accident site, despite being situated in a parking lot, actually functioned as a passageway because it was the only way that plaintiff could move the elevator rails from a staging area to the installation site. Additionally, photographs of the site [*2]submitted by plaintiff in support of his motion show that the accident site constituted a path for purposes of 12 NYCRR 23-1.7 (d) and was not merely functioning as a parking lot (cf. Steiger, 104 AD3d at 1251). Thus, we conclude that section 23-1.7 (d) applies to the facts here because the evidence establishes as a matter of law that the path through the parking lot was plaintiff's "only means of going to and from" the installation site (Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099, 1103 [2d Dept 2020]).
We agree with defendant, however, that the court erred in granting plaintiff's motion for partial summary judgment on liability on the Labor Law § 241 (6) cause of action. We therefore modify the prior order accordingly, vacate the amended judgment and remit the matter to Supreme Court for a trial on the issue of liability and, if liability is established, for a new trial on the issue of damages. Although plaintiff's submissions established that defendant had a nondelegable duty to keep the pathway safe and free of ice and snow (see generally Zukowski, 187 AD3d at 1103; Thompson v 1241 PVR, LLC, 104 AD3d 1298, 1299 [4th Dept 2013]), triable issues of fact exist whether defendant, by salting the pathway several hours before the accident, discharged that duty (see generally Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 351 [1998]; Seaman v Bellmore Fire Dist., 59 AD3d 515, 516 [2d Dept 2009]; Irwin v St. Joseph's Intercommunity Hosp., 236 AD2d 123, 131-132 [4th Dept 1997]). Given the existence of those issues of fact, we reject defendant's related contention that the court erred in denying its cross motion with respect to the Labor Law § 241 (6) cause of action.
Although our remittal renders defendant's remaining contentions academic, given the need for a trial on liability and, if necessary, a new trial on damages, we note our agreement with defendant that the court erred in granting plaintiff's request to preclude defendant from introducing at the prior damages trial any evidence of plaintiff's comparative fault with respect to the Labor Law § 241 (6) cause of action. The court determined that defendant was precluded from offering evidence of plaintiff's comparative fault at trial because that issue had been decided when the court granted plaintiff's motion. Contrary to the court's determination, however, consideration of comparative fault is still required even "[w]hen a defendant's liability is established as a matter of law before trial" because the jury must still "determine whether the plaintiff was negligent and whether such negligence was a substantial factor" in causing his or her injuries (Rodriguez v City of New York, 31 NY3d 312, 324 [2018]). Further, unlike Labor Law § 240 (1) claims (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286 [2003]; Fronce v Port Byron Tel. Co., Inc., 134 AD3d 1405, 1407 [4th Dept 2015]), "comparative negligence remains a cognizable affirmative defense to a section 241 (6) cause of action" (St. Louis v Town of N. Elba, 16 NY3d 411, 414 [2011]; see Rizzuto, 91 NY2d at 350).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court