Miller v R.L.T. Props., Ltd. (2022 NY Slip Op 03510)





Miller v R.L.T. Props., Ltd.


2022 NY Slip Op 03510


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-10357
 (Index No. 32093/12)

[*1]Michael H. Miller, appellant-respondent, 
v
R.L.T. Properties, Ltd., defendant, Levittown Fish Market, Incorporated, respondent-appellant.


Dell & Dean (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellant-respondent.
Law Offices of Martyn, Martyn, Smith & Murray, Hauppauge, NY (Catherine M. Martyn of counsel), for repondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Levittown Fish Market, Incorporated, cross-appeals, from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated August 22, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Levittown Fish Market, Incorporated, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that same portion of the same cause of action insofar as asserted against the defendant Levittown Fish Market, Incorporated. The order, insofar as cross-appealed from, denied those branches of the motion of the defendant Levittown Fish Market, Incorporated, which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Levittown Fish Market, Incorporated, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In October 2012, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Levittown Fish Market, Incorporated (hereinafter the defendant), alleging violations of Labor Law §§ 200, 240(1), and 241(6), predicated upon 12 NYCRR 23-1.7(d) and other provisions of the Industrial Code, and common-law negligence. The plaintiff alleged that, in February 2010, he was replacing a compressor on an ice machine in a building on property operated by the defendant when he slipped and fell on ice in an alleyway on the property near the rear of the building. As is relevant to the appeal, the defendant moved for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was [*2]predicated upon 12 NYCRR 23-1.7(d), insofar as asserted against it. As is relevant to the cross appeal, the plaintiff cross-moved for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.7(d) insofar as asserted against the defendant. In an order dated August 22, 2019, the Supreme Court, inter alia, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. However, it granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against it. The court denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that same portion of the same cause of action insofar as asserted against the defendant.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Here, although the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, contrary to the determination of the court, the defendant did not establish its prima facie entitlement to judgment as a matter of law dismissing those causes of action. Labor Law § 200 codifies the common-law duty of an owner or general contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Where a plaintiff's injuries are alleged, as here, to arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it "'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas v Schwartz, 74 AD3d 1046, 1047, quoting Ortega v Puccia, 57 AD3d 54, 61). In this case, the defendant failed to establish, prima facie, that it did not have actual or constructive notice of the alleged dangerous condition (see Zukowski v Powell Cove Estates Home Owners Assn., Inc. 187 AD3d 1099, 1101-1102; Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822-823). Thus, those branches of the defendant's motion which were for summary judgment dismissing those causes of action insofar as asserted against it were properly denied, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court also should have denied that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-1.7(d) insofar as asserted against it. Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers and to comply with the specific safety rules and Industrial Code regulations promulgated by the Commissioner of the Department of Labor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501-502). With respect to the cause of action alleging a violation of Labor Law § 241(6), predicated upon 12 NYCRR 23-1.7(d), insofar as asserted against the defendant, contrary to the determination of the Supreme Court, the defendant's own submissions failed to eliminate triable issues of fact as to whether the alleged work at issue here falls within the ambit of activities protected by Labor Law § 241(6) (see Wass v County of Nassau, 173 AD3d 933, 934). Thus, that branch of the defendant's motion should have been denied, "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Nonetheless, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that same portion of the same cause of action insofar as asserted against the defendant. The plaintiff failed to eliminate triable issues of fact as to whether there actually was any ice in the alleyway as he alleged and, if so, whether any violation of 12 NYCRR 23-1.7(d) was a proximate cause of the accident (see e.g. Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d at 1103-1104).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court