Modugno v Bovis Lend Lease Interiors, Inc. (2020 NY Slip Op 03508)





Modugno v Bovis Lend Lease Interiors, Inc.


2020 NY Slip Op 03508


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-00658
 (Index No. 702396/12)

[*1]Onofrio Modugno, respondent, 
v
Bovis Lend Lease Interiors, Inc., et al., defendants, New York State Urban Development Corporation, et al., appellants.


Fabiani Cohen & Hall, LLP, New York, NY (Allison A. Snyder and Kevin B. Pollak of counsel), for appellants.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York State Urban Development Corporation, Empire State Development Corporation, and Lower Manhattan Development Corporation appeal from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered November 2, 2017. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured on August 16, 2011, while working as a laborer for nonparty Yonkers Construction at a construction site that was part of the World Trade Center—Vehicle Security Center & Tour Bus Parking Facility project. Yonkers Construction was retained as an excavation and foundation contractor on the project. The defendants New York State Urban Development Corporation, Empire State Development Corporation, and Lower Manhattan Development Corporation (hereinafter collectively the appellants) were the owners of the subject premises. The construction site was an open hole, approximately two football fields in length, one football field in width, and 90 feet below grade level, the surface of which was uneven and covered with rocks and boulders and "a lot of mud." The plaintiff alleged that the bottom of the hole was always muddy, but that there had been a heavy rainstorm two days prior to the accident, and he had never seen the ground conditions in the hole as muddy as they were on the day of the accident. At the time of the accident, the plaintiff was working in the hole "stripping" three-foot by six-foot metal forms from concrete slabs which were for the footings of the new building. The plaintiff alleged that, while stripping one of the metal forms from its concrete slab, he slipped and fell as a result of the large amount of mud that was on the ground in the hole.
The plaintiff commenced this action against the appellants, among others, alleging, inter alia, common-law negligence and a violation of Labor Law § 200. After joinder of issue, the appellants moved, among other things, for summary judgment dismissing the causes of action to [*2]recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against them. The Supreme Court denied those branches of the appellants' motion, determining that the appellants failed to establish their prima facie entitlement to summary judgment dismissing those causes of action since the deposition transcripts submitted in support of the motion were unsigned and therefore, inadmissible. This appeal ensued.
Initially, we agree with the appellants that, under the circumstances of this case, the Supreme Court should not have denied those branches of their motion on the ground that the deposition transcripts submitted in support of the motion were inadmissible, as the plaintiff did not raise this issue in opposition to the motion and the court determined it sua sponte (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 55). In the interest of judicial economy, we deem it appropriate to address the appellants' motion on the merits, rather than remitting the matter to the Supreme Court to do so (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 56).
Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719; see also Davies v Simon Prop. Group, Inc., 174 AD3d 850, 854). There are "two broad categories of actions that implicate the provisions of Labor Law § 200" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51; see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719-720). The first category involves worker injuries arising out of alleged dangerous or defective conditions on the premises where the work is performed (see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719; Grasso v New York State Thruway Auth., 159 AD3d 674, 678; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; Chowdhury v Rodriguez, 57 AD3d 121, 128). In those circumstances, "[f]or liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719). The second category of actions under Labor Law § 200 involves injuries arising from the method and manner of the work (see Chowdhury v Rodriguez, 57 AD3d at 128; Ortega v Puccia, 57 AD3d 54, 61). A property owner will be held liable under this category only if it possessed the authority to supervise or control the means and methods of the work (see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; Ortega v Puccia, 57 AD3d at 61).
Contrary to the appellants' contention, the plaintiff's accident arose from a dangerous premises condition, not from the method and manner of the work. Where a plaintiff alleges that he or she was injured at a work site as a result of a dangerous premises condition, a property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether the property owner created the condition, or had actual or constructive notice of it and a reasonable amount of time within which to correct the condition (see Gurewitz v City of New York, 175 AD3d 658, 664; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51). Here, the appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action since they failed to demonstrate a lack of actual or constructive notice of the dangerous condition alleged (see Gurewitz v City of New York, 175 AD3d at 664; Bridges v Wyandanch Community Dev. Corp., 66 AD3d 938, 940; Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 763).
Accordingly, albeit for different reasons, we agree with the Supreme Court's determination denying those branches of the appellants' motion which were for summary judgment dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action insofar as asserted against them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court