Rodriguez v Metropolitan Transp. Auth. (2021 NY Slip Op 08209)





Rodriguez v Metropolitan Transp. Auth.


2021 NY Slip Op 08209


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-08304
 (Index No. 64600/14)

[*1]Jose Luis Rodriguez, appellant,
v
Metropolitan Transportation Authority, et al., respondents, et al., defendant.


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless, Danielle Tauber, and I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 7, 2017. The order granted the motion of the defendants Metropolitan Transportation Authority and Metro North Commuter Railroad for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross motion for leave to amend his bill of particulars.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while working on a Metro North train station renovation project. At the time of the alleged incident, the plaintiff and others were moving a compressor across a sidewalk when one of the compressor's wheels "fell" into a tree well, causing the compressor to strike the plaintiff.
Thereafter, the plaintiff commenced this action against, among others, the defendants Metropolitan Transportation Authority and Metro North Commuter Railroad (hereinafter together the defendants) alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved for leave to amend his bill of particulars so as to allege violations of Industrial Code provisions 12 NYCRR 23-1.22(c) and 23-1.33(d). The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.
Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Lombardi v Stout, 80 NY2d 290, 294). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have 'authority to exercise supervision and control over the work'" (Rojas v Schwartz, 74 AD3d 1046, 1046, quoting Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735; see Chowdhury v [*2]Rodriguez, 57 AD3d 121, 127-128). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it "'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas v Schwartz, 74 AD3d at 1047, quoting Ortega v Puccia, 57 AD3d 54, 61). When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52). A defendant moving for summary judgment in such a case may prevail "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (id. at 52).
Here, the defendants established, prima facie, both that they did not create or have actual or constructive notice of the alleged condition which caused the plaintiff's injury, and that they had no authority to supervise or control the means and methods of the plaintiff's work (see generally id.; Chowdhury v Rodriguez, 57 AD3d at 128). In opposition, the plaintiff failed to raise a triable issue of fact.
Moreover, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them, and properly denied the plaintiff's cross motion for leave to amend his bill of particulars so as to allege violations of Industrial Code provisions 12 NYCRR 23-1.22(c) and 23-1.33(d). The plaintiff initially failed to allege any violation of the Industrial Code in his bills of particulars and the provisions he thereafter set forth in support of his cross motion are inapplicable to this case (see 12 NYCRR 23-1.22[c]; 23-1.33[d]; Mancini v Pedra Constr., 293 AD2d 453, 454; Lawyer v Hoffman, 275 AD2d 541, 542).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court