Chuqui v Amna, LLC (2022 NY Slip Op 01988)





Chuqui v Amna, LLC


2022 NY Slip Op 01988


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-10455
 (Index No. 713178/16)

[*1]Milton Chuqui, appellant-respondent, 
v
Amna, LLC, et al., defendants third-party plaintiffs-respondents-appellants; Noah Office Renovation, Inc., third-party defendant-respondent (and another third-party action).


Oresky & Associates, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant-respondent.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for defendants third-party plaintiffs-respondents-appellants.
Cascone & Kluepfel, LLP, Garden City, NY (David F. Kluepfel and Anthony Pagliuca of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered August 28, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of the liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and granted those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing those causes of action. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and for summary judgment on their third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the third-party defendant payable by the defendants third-party plaintiffs.
In July 2016, the plaintiff allegedly was injured while working at premises owned by the defendant Amna, LLC (hereinafter Amna), and managed by the defendant Premier Realty Management, Inc. (hereinafter Premier), when pieces of sheet metal on a cart he was helping to move from one area of the floor to another fell on him. At the time of the accident, the plaintiff was employed by the third-party defendant, Noah Office Renovation, Inc. (hereinafter Noah), which was the general contractor on the construction and renovation project that was ongoing at the subject premises when the accident occurred. The plaintiff commenced the instant action against Amna and Premier to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Subsequently, Amna and Premier commenced a third-party action against Noah, seeking, inter alia, contractual indemnification.
The plaintiff moved for summary judgment on the issue of the liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). Amna and Premier thereafter moved for summary judgment dismissing the complaint and for summary judgment on their third-party cause of action for contractual indemnification against Noah. In an order entered August 28, 2019, the Supreme Court, among other things, denied the plaintiff's motion in its entirety, granted those branches of the motion of Amna and Premier which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and denied those branches of the motion of Amna and Premier which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and on their third-party cause of action for contractual indemnification against Noah. The plaintiff appeals and Amna and Premier cross appeal.
"In order to obtain summary judgment on the issue of liability on a Labor Law § 240(1) cause of action, a plaintiff is required to demonstrate, prima facie, that there was a violation of the statute and that the violation was a proximate cause of his or her injuries" (Jones v City of New York, 166 AD3d 739, 740). "The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501).
In determining whether a plaintiff is entitled to the extraordinary protections of Labor Law § 240(1), the "single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "Thus, for section 240(1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268), "'or that the falling object required securing for the purposes of the undertaking'" (Simmons v City of New York, 165 AD3d 725, 727, quoting Banscher v Actus Lend Lease, LLC, 103 AD3d 823, 824).
Here, the plaintiff failed to establish, prima facie, a violation of Labor Law § 240(1) based on the evidence submitted in support of his motion. The evidence proffered on the plaintiff's motion demonstrated that the subject accident was not the result of an elevation-related hazard or gravity-related risk encompassed by Labor Law § 240(1) (see Simmons v City of New York, 165 AD3d at 727; Davis v Wyeth Pharms., Inc., 86 AD3d 907, 909). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on this cause of action, and granted that branch of the motion of Amna and Premier which was for summary judgment dismissing this cause of action.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809; see Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005).
Here, the plaintiff's Labor Law § 241(6) cause of action was predicated on a violation 12 NYCRR 23-2.1(a)(2), which provides, in relevant part, that "[m]aterial and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold," and that "[m]aterial and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge." Contrary to the plaintiff's assertion, the Supreme Court properly concluded that 12 NYCRR 23-2.1(a)(2) was not applicable to the facts of this case (see Desena v North Shore Hebrew Academy, 119 AD3d 631, 635). Therefore, the court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on this cause of action, and granted that branch of the motion of Amna and Premier which was for summary judgment [*2]dismissing this cause of action.
Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 352; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719; Brown v Brause Plaza, LLC, 19 AD3d 626, 628; see also Davies v Simon Prop. Group, Inc., 174 AD3d 850, 854). There are "two broad categories of actions that implicate the provisions of Labor Law § 200" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51; see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719-720). Those two broad categories of actions are where a worker's injuries arise as a result of dangerous or defective premises conditions at a work site, and those involving injuries arising from the method and the manner in which the work is performed (see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822). "When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1027-1028; see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52). A defendant moving for summary judgment in such a case may prevail "'only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard'" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d at 1028, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
Here, Amna and Premier failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. To the extent that the plaintiff's claims are based on the manner in which the work was performed, Amna and Premier established, prima facie, that they did not have authority to supervise or control the means and method of the plaintiff's work (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 991; Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1092; Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d 761, 762).
However, the Supreme Court properly concluded that Amna and Premier failed to demonstrate, prima facie, that they lacked actual or constructive notice of the dangerous condition of the rocks or debris on the floor which, according to the plaintiff's version of the accident, caused the cart to stop and tip as he and his coworker were transporting the pieces of sheet metal from one end of the first floor to the other (see Gurewitz v City of New York, 175 AD3d 658, 664; Bridges v Wyandanch Community Dev. Corp., 66 AD3d 938, 940; Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 763). The contention of Amna and Premier that this was not part of their burden because the plaintiff's accident arose from a condition of the unfinished concrete floor that was inherent to the work being performed and not inherently dangerous is improperly raised for the first time on appeal. Since Amna and Premier failed to make a prima facie showing that they did not have actual or constructive notice of the alleged dangerous condition on the floor, the court properly denied that branch of their motion which was for judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
A party seeking contractual indemnification pursuant to a contract relative to the construction of a building must establish that it was free from negligence and that it may be held liable solely by virtue of statutory or vicarious liability (see General Obligations Law § 5-322.1; Barreiros v Inter County Paving Assoc., LLC, 192 AD3d 742, 743; Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099, 1102; Arriola v City of New York, 128 AD3d 747, 749). Given the fact that Amna and Premier failed to demonstrate that they were free from negligence in this action, they consequently failed to show prima facie entitlement to contractual indemnification from Noah (see Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d at 1099; Arriola v City of New York, 128 AD3d at 749). Therefore, the Supreme Court properly denied that branch of the motion of Amna and Premier which was for summary judgment on their third-party cause of action seeking contractual indemnification against Noah, without regard to the sufficiency of the opposition papers submitted by Noah on this issue (see Winegrad v New York Univ. Med. Ctr., [*3]64 NY2d at 853).
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court