Saitta v Marsah Props., LLC (2022 NY Slip Op 07467)

Saitta v Marsah Props., LLC

2022 NY Slip Op 07467

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-03485
 (Index No. 609945/16)

[*1]Frank J. Saitta, appellant-respondent,
v
Marsah Properties, LLC, et al., respondents-appellants, et al., defendant.

The Barnes Firm, Buffalo, NY (Martha M. Pigott of counsel), for appellant-respondent.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent-appellant Marsah Properties, LLC.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for respondent-appellant Family Practice of Long Island.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Family Practice of Long Island and Marsah Properties, LLC, cross-appeal, from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated March 9, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Family Practice of Long Island and Marsah Properties, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against each of them. The order, insofar as cross-appealed from, denied those branches of the separate motions of the defendants Family Practice of Long Island and Marsah Properties, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the separate motions of the defendants Family Practice of Long Island and Marsah Properties, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Family Practice of Long Island and Marsah Properties, LLC.
The plaintiff allegedly was injured while mounting a television on a wall of a doctor's office. At the time of the incident, the plaintiff was descending from the third step of a six-foot ladder when the ladder allegedly twisted, causing him to fall.
The plaintiff commenced this action against, among others, the defendants Family Practice of Long Island and Marsah Properties, LLC (hereinafter together the defendants), alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240(1). The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated March 9, 2020, the Supreme Court, among other things, granted those branches of the defendants' motions which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against each of them, and denied those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them. The plaintiff appeals, and the defendants cross-appeal.
The Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against each of them.
"Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1027; see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 689; Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1259; Ortega v Puccia, 57 AD3d 54, 60). "When there are allegations involving the manner in which the work was performed, a property owner will be held liable only if it possessed the authority to supervise or control the means and methods of the work" (Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d at 689, citing Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720, and Ortega v Puccia, 57 AD3d at 61). "As to allegations involving dangerous or defective conditions on the premises where the work was performed, the property owner will be held liable if it either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d at 689, citing Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 720; see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d at 1259). When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment "may prevail 'only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard'" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d at 1028, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52).
Here, the defendants established, prima facie, both that they did not create or have actual or constructive notice of the alleged condition which caused the plaintiff's injury, and that they had no authority to supervise or control the means and methods of the plaintiff's work (see Rodriguez v Metropolitan Transp. Auth., 191 AD3d at 1027; Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the floor was uneven is speculative and unsupported by the record (see Frazier v Hunte, 188 AD3d 1162, 1163; DiSanto v Spahiu, 169 AD3d 861, 863).
The Supreme Court, however, should have granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them.
Labor Law § 240(1) states that all contractors, owners, and their agents must supply protective equipment to laborers who are engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building" (see Joblon v Solow, 91 NY2d 457, 463). As such, "[t]o successfully assert a cause of action under Labor Law § 240(1), a plaintiff must establish that he or she was injured during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 745-746, quoting Labor Law § 240[1] [internal quotation marks omitted]). "[T]he term 'altering' in section 240(1) 'requires making a significant physical change to the configuration or composition of the building or structure'" (Saint v Syracuse Supply Co., 25 NY3d 117, 125, quoting Joblon v Solow, 91 NY2d at 465). This definition excludes "'routine maintenance'" and "'decorative modifications'" (Saint [*2]v Syracuse Supply Co., 25 NY3d at 125, quoting Joblon v Solow, 91 NY2d at 465).
Here, the defendants established, prima facie, that the plaintiff was not engaged in any of the enumerated activities under Labor Law § 240(1). Contrary to the plaintiff's contention, affixing a bracket to a wall so that a television might be mounted on it did not make a "significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d at 465; see Amendola v Rheedlen 125th St., LLC, 105 AD3d 426, 427; Panico v Advanstar Communications, Inc., 92 AD3d 656, 658; Luthi v Long Is. Resource Corp., 251 AD2d 554, 555). To the extent that the plaintiff's affidavit "presented feigned issues of fact tailored to avoid the consequences of his earlier deposition testimony" regarding the need for the plaintiff to run wiring through the ceiling, it is insufficient to raise a triable issue of fact (Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687, 688).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court