Serpas v Port Auth. of N.Y. & N.J. (2023 NY Slip Op 03812)

Serpas v Port Auth. of N.Y. & N.J.

2023 NY Slip Op 03812

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-05778
 (Index No. 501460/16)

[*1]Jorge Serpas, et al., respondents, 
v
Port Authority of New York and New Jersey, et al., appellants.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and William G. Kelly of counsel), for appellants.
Mischel & Horn, P.C., New York, NY (Scott T. Horn and Lauren E. Bryant of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated February 28, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2015, the plaintiff Jorge Serpas (hereinafter the injured plaintiff) allegedly was injured while working at a construction project in a Delta Airlines Terminal at John F. Kennedy International Airport (hereinafter the premises), which the City of New York leased to the defendant Port Authority of New York and New Jersey. The defendant Peter Scalamandre and Sons, Inc., was the general contractor for the project. According to the plaintiffs, the injured plaintiff was directed to retrieve a length of pipe from a hardstand, a slab of concrete that was approximately 20 feet wide, 20 feet long, and 18 inches high. The injured plaintiff climbed onto the hardstand and picked up the pipe. He attempted to step down from the hardstand by stepping onto a lubricated, grease-covered rebar dowel that protruded from the side of the hardstand, but he slipped and fell from the rebar dowel.
The injured plaintiff, and his wife suing derivatively, commenced this action, asserting, inter alia, causes of action alleging a violation of Labor Law § 200 and common-law negligence. The defendants moved, among other things, for summary judgment dismissing those causes of action. By order dated February 28, 2020, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1668). "The duty does not extend 'to hazards that are part of, or inherent in, the very work the employee is to perform or defects the [*2]employee is hired to repair'" (Fonck v City of New York, 198 AD3d 874, 876, quoting Hansen v Trustees of M.E. Church of Glen Cove, 51 AD3d 725, 726; see Gasper v Ford Motor Co., 13 NY2d 104, 110; Vitale v Astoria Energy II, LLC, 180 AD3d 1104, 1106). Nor does any duty rest upon an owner to secure the safety of a worker "against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience" of the worker (McLean v Studebaker Bros. Co. of New York, 221 NY 475, 478; see Gasper v Ford Motor Co., 13 NY2d at 110; Monahan v New York City Dept. of Educ., 47 AD3d 690, 691).
"Cases involving Labor Law § 200 fall into two broad categories" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). "The first category involves worker injuries arising out of alleged dangerous or defective conditions on the premises where the work is performed" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822; see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668). In those circumstances, a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition (see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). The second category "involves injuries arising from the method and manner of the work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822; see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668). Where a claim arises out of alleged dangers or defects in the means and methods of the work, an owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if it had the authority to supervise or control the performance of the work (see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822).
Where, as here, the plaintiffs allege that an accident involves both a dangerous condition on the premises and the means and methods of the work, a defendant "moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720 [internal quotation marks omitted]; see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1092). In such a case, the moving defendant may prevail only when the evidence exonerates them as a matter of law "'for all potential concurrent causes of the plaintiff's accident and injury, and . . . no triable issue of fact is raised in opposition as to either relevant liability standard'" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1028, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52).
Here, in support of their motion, the defendants failed to eliminate all triable issues of fact as to whether the lubricated, grease-covered rebar dowel and the placement of the pipe on the raised hardstand constituted dangerous conditions, whether the defendants had actual or constructive notice of these conditions, and whether climbing onto and stepping down from the hardstand while retrieving the pipe was an inherent risk of the injured plaintiff's work.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court