## Dos Santos v BOP Greenpoint D LLC

2024 NY Slip Op 30320(U)

January 12, 2024

Supreme Court, Kings County

Docket Number: Index No. 511521/2021

Judge: Rupert V. Barry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Index No.: 51152/2021

At an IAS Term, Part 13, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York on the 12th day of January 2024

P R E S E N T:

HON. RUPERT V. BARRY, A.J.S.C.

-----------------------------------------------------------------------x
EDILSON TEXEIRA DOS SANTOS,          :     Cal. No.: 53 (Motion Seq. No.:
                                        :  1)

                  Plaintiff,         :     Cal. No.: 54 (Motion Seq. No.:
                                        :  2)

     -against-                 :     Index No.: 511521/2021
                                        :

BOP GREENPOINT D LLC and NEW LINE:
STRUCTURES & DEVELOPMENT LLC,    :    **DECISION & ORDER**
                                        :  (Corrected: January 24, 2024)
            Defendants.

-----------------------------------------------------------------------x

       **Recitation, as required by CPLR 2219(a), of the papers considered in review in connection with Plaintiff's motion for summary against Defendants as to liability and Defendants' cross-motion for summary judgment under CPLR 3212 to dismiss the complaint.: NYSCEF Doc. Nos: 14-36; 51-55; 62-64; 37 – 50; 58–61; 65.**

       Upon the foregoing cited papers and after oral arguments, this Court finds as follows:

       This matter arises from allegations by Plaintiff that he slipped and fell at the construction worksite owned by Defendant BOP Greenpoint D LLC and managed by Defendant New Line Structures and Development LLC. Plaintiff alleges that he slipped and fell on February 27, 2021, due to a mixture of rainwater and dirt debris when transporting a beam from the 31st to 32nd floor of the worksite causing Plaintiff to suffer various substantial injuries. Plaintiff filed his motion seeking summary judgment (Motion Seq. No.:1) on Defendants' alleged violation of Labor Law §§ 240 (1) and 241 (6). Defendants filed their cross-motion for summary judgment (Motion Seq. No.: 2) seeking dismissal of Plaintiff's §§ 240 (1) and 240 (6) Labor Law claims.

1

[* 1]

Index No.: 51152/2021

To prevail on a motion for summary judgment, the movant must make a *prima facie* showing of entitlement as a matter of law (*Hutchison v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]). Summary judgment should be denied if there is any doubt as to the existence of a factual issue (*Asabor v Archdiocese of N.Y.*, 102 AD3d 524 [2013]). To defeat summary judgment, the party opposing the motion must show there is a material question of fact that requires a trial (*Zuckerman v New York*, 49 NY2d 557 [1980]).

To establish liability under Labor Law § 241 (6)[1], Plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of this case (*Chuqui v Amna*, *LLC*, 203 AD3d 1018 [2d Dept 2022]). The applicable industrial code provisions in the instant case are Industrial Code 12 NYCRR § 23- 1.7 (d) and (e). Industrial Code 12 NYCRR § 23- 1.7 (e) reads in pertinent part that "all passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could **cause tripping**".

Although Plaintiff cites to Industrial Code § 23- 1.7 (e), this section only applies to tripping hazards. Here, Plaintiff alleges **he slipped and fell**. Therefore, Plaintiff's motion for summary judgment as to this cause of action is denied.

Turning our attention to 12 NYCRR § 23-1.7 (d), which reads in pertinent part that "[e]mployers shall not suffer or permit any employee to use a floor . . . which is in a **slippery condition**. Ice, snow, water, grease and other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing". This provision likewise does not support Plaintiff's motion for summary judgment in that on February 21, 2021, Plaintiff signed an

---

[1] Labor Law § 241(6) states in pertinent part: "All areas in which construction, excavation, or demolition work is being performed shall be constructed as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places."

2

[* 2]

Index No.: 51152/2021

accident report which attributed his injuries to standing on a wall clamp and slipping on falling on his shoulder (NYSCEF Doc. No.:.30).  However, Plaintiff stated in his deposition that the accident occurred due to a mixture of water and dirt debris (NYSCEF Doc. No.: 29).  Due to the inconsistencies in Plaintiff's statements in regard to what caused the alleged accident, this Court finds that there remain material issues of fact to be decided at trial and denies this branch of Plaintiff's motion for summary judgment.

Finally, with respect to Plaintiff's application for summary judgment on his Labor Law § 240 (1) claim.  Labor Law § 240 (1) applies to accidents "in which a scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co*., 81 NY2d 494, 501 [1993]).  This statute is inapplicable to the instant case as the injury alleged does not relate to a gravity related accident.

Defendants in their cross-motion for summary judgment, seek dismissal of Plaintiff's claims under Labor Law §§ 200, 240, and 241 (6).  Labor Law § 200 is a codification of the common-law duty of an owner or employer to provide employees with a safe place to work (*Rizzuto v L.A. Wenger Contr. Co*., 91 NY2d 343[1998]).  "'Where. . . a Plaintiff's injuries stem not from the manner in which the work was being performed, but rather from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition'" (*Lane v Fratello Contr. Co.*, 52 AD3d 575, 576 [2d Dept 2008]).

This Court finds that there is an issue of Defendants' actually or constructive notice of the alleged dangerous conditions that cause Plaintiff's alleged accident.  Additionally, in that Plaintiff

3

[* 3]

Index No.: 51152/2021

statements variously allege he slipped and fell on (i) rainwater and dirt-debris or (ii) slipped and fell while standing on a wall clamp, there remains issues of material facts to be decided at trial.

However, in that this Court has found Plaintiff's Labor Law § 240 (1) claim to be inapplicable to the facts of the instant case, Defendants cross-motion seeking dismissal of that claim should be granted.

Defendants cross-motion seeking dismissal Plaintiff's Labor Law § 241 (6) and related Industrial Code 12 NYCRR § 23-1.7 (d) and (e), is denied for the reasons previously stated above.

For the reasons stated above, it is

**ORDERED**, that Plaintiff's motion (Motion Seq. No.: 1) seeking summary judgment finding Defendants liable pursuant to Labor Law § 241 (6) of the Labor Law DENIED.

(i)     Summary judgment holding Defendants liable pursuant to 12 NYCRR § 23-1.7 (d) is **DENIED**.

(ii)    Summary judgment holding Defendants liable pursuant to 12 NYCRR § 23- 1.7 (e) is **DENIED**.  It is further

**ORDERED**, that Defendants' motion (Motion Seq. No.: 2) seeking summary judgment dismissing Plaintiff cause of action is granted in part and denied in part as follows.

(i)     Summary judgment dismissing Plaintiff's Labor Law § 240 (1) claim is **GRANTED**.

(ii)    Summary judgment dismissing Plaintiff's 12 NYCRR § 23- 1.7 (e) claim is **DENIED.**

(iii)   Summary judgment dismissing Plaintiff's 12 NYCRR § 23-1.7 (d) claim is **DENIED**.

(iv)    Summary judgment dismissing Plaintiff's Labor Law § 200 claim is **DENIED**.

This constitutes the decision and order of this Court.
*All applications not specifically addressed herein are Denied.

_____
HON. RUPERT V. BARRY, A.J.S.C.

4

[* 4]