Delaluz v Walsh (2024 NY Slip Op 03030)

Delaluz v Walsh

2024 NY Slip Op 03030

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2021-03336
 (Index No. 151457/16)

[*1]Raul Garcia Delaluz, appellant, 
v
Christine A. Walsh, et al., defendants, Built Home Improvements, LLC, respondent.

Chelli & Bush (Arnold E. DiJoseph, P.C., Staten Island, NY [Arnold E. DiJoseph III], of counsel), for appellant.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York, NY (Brennan P. Breeland of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated April 13, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Built Home Improvements, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Built Home Improvements, LLC, which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On August 18, 2016, the plaintiff was involved in an accident while performing work at a two-family residence. Prior thereto, the defendant Christine A. Walsh, a co-owner of the residence and the occupant of one of its units, hired the defendant Built Home Improvements, LLC (hereinafter BHI), to renovate her second-floor bathroom. BHI's scope of work did not include the installation of granite. After BHI commenced its work, Walsh sought to amend the scope of the work to include the installation of granite in certain areas of the bathroom, including around her new bathtub. BHI's owner indicated that his company did not perform such work, prompting Walsh to hire nonparty Monumental Marble (hereinafter Monumental) to perform the granite work.
On the date of the accident, the plaintiff, who was employed by Monumental, and another Monumental employee arrived at Walsh's residence to install granite in the area of the bathtub, which was located above Walsh's first-floor kitchen. BHI was not on-site on that date, since the project required Monumental to install the granite before BHI could install Walsh's new bathtub and complete its work. The plaintiff therefore performed his work without a bathtub in place and with the subfloor exposed in the rectangular area where the bathtub would eventually be installed. The subfloor was comprised, inter alia, of a plywood board covering most of the bathtub [*2]area, except for an opening on one side that was not covered with the board so as to allow BHI, or its subcontractor, to connect plumbing fixtures to the bathtub's drain. This rectangular opening in the drain area was covered with its own wooden slab, located some distance below the plywood board that covered most of the bathtub area. The plaintiff, while installing granite, stepped onto the wooden slab covering the drain area with his left leg, causing it to break, at which point his leg fell, up to his knee, through the slab and the ceiling of the kitchen below. As a result of the accident, the plaintiff allegedly sustained injuries.
The plaintiff thereafter commenced this personal injury action against Walsh and BHI, among others, asserting, inter alia, causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). BHI subsequently moved, among other things, for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against it. In an order dated April 13, 2021, the Supreme Court, inter alia, granted those branches of BHI's motion. The plaintiff appeals.
"Labor Law §§ 200 . . . and 241 apply [only] to owners, general contractors, or their agents" (Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592, 593 [internal quotation marks omitted]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 315-318; Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC, 197 AD3d 1289, 1290-1291). "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to maintain a safe workplace. An implicit precondition to [the] duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Flores v Crescent Beach Club, LLC, 208 AD3d 560, 563 [citations and internal quotation marks omitted]). "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Jarnutowski v City of Long Beach, 210 AD3d 881, 883 [internal quotation marks omitted]). "It is axiomatic that the statutory duties imposed by Labor Law § 241(6) place ultimate responsibility for safety practices on owners of the work site and general contractors" (Bopp v A.M. Rizzo Elec. Contrs., Inc., 19 AD3d 348, 350).
Here, contrary to the plaintiff's contention, BHI established, prima facie, that it was not a general contractor for purposes of the Labor Law with respect to the plaintiff's work. Instead, the evidence submitted by BHI in support of its motion indicated that BHI and Monumental were separate prime contractors with regard to the scope of work Walsh hired each to perform (see Russin v Louis N. Picciano & Son, 54 NY2d at 315-318; Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14, 286 AD2d 744, 747; Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856). Specifically, the evidence demonstrated that BHI and Monumental each contracted with Walsh but were not in privity with each other, and that each entity was responsible for distinct scopes of work. The evidence further showed that BHI had no presence on-site on the date of the accident and that BHI lacked the authority to direct, supervise, or control the plaintiff's work. BHI therefore established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it. In opposition, the plaintiff failed to raise a triable issue of fact (see Pimentel v DE Frgt. LLC, 205 AD3d 591, 593; Villanueva v 80-81 & First Assoc., 141 AD3d 433, 434; Aversano v JWH Contr., LLC, 37 AD3d 745, 746-747; cf. Londono v Dalen, LLC, 204 AD3d 658, 659-660). Accordingly, the Supreme Court properly granted those branches of BHI's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it.
A defendant that is not an owner, general contractor, or agent pursuant to the Labor Law with regard to a plaintiff's work may nonetheless be held liable to the plaintiff under a theory of common-law negligence "where the work" the defendant "performed created the condition that caused the plaintiff's injury" (Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d 782, 783 [internal quotation marks omitted]). "An award of summary judgment in favor of a subcontractor [or prime contractor] dismissing a negligence cause of action is improper where the evidence raises a triable issue of fact as to whether [it] created an unreasonable risk of harm that was the proximate cause of [*3]the . . . plaintiff's injuries" (Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195 [alterations and internal quotation marks omitted]; see Lacey v Lancaster Dev. & Tully Constr. Co., LLC, 193 AD3d 1398, 1399-1401).
Here, BHI's submissions in support of its motion failed to eliminate triable issues of fact with regard to the common-law negligence cause of action. BHI's owner testified at his deposition that he likely constructed the bathtub area's wooden subfloor prior to the date of the accident, although he did not recall doing so with certainty. However, BHI's contract with Walsh, at a minimum, implied that its scope of work included constructing the subfloor, and Walsh testified at her deposition that BHI performed such work. Walsh also testified that she had personally observed the drain area opening covered with a wooden board prior to the date of the accident, indicating that a board that was level with the plywood board covering the remainder of the bathtub area may have previously been present, in addition to the wood placed in the opening some distance below the plywood board. In addition, BHI's owner conceded that it was unsafe for a worker to stand in the drain area opening, yet he made no efforts to warn Monumental or its employees of this fact. BHI correctly asserts that a contractor has no duty to "secure the safety of a worker against . . . defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the worker" (Serpas v Port Auth. of N.Y. & N.J., 218 AD3d 620, 621-622 [internal quotation marks omitted]). However, BHI did not demonstrate that the condition at issue constituted such a readily observable risk to a worker in the plaintiff's position (see id. at 622-623). The Supreme Court therefore improperly granted that branch of BHI's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, since BHI failed to eliminate triable issues of fact as to whether it "created an unreasonable risk of harm that was the proximate cause of the . . . plaintiff's injuries" (Poracki v St. Mary's R.C. Church, 82 AD3d at 1195 [internal quotation marks omitted]; see Kelarakos v Massapequa Water Dist., 38 AD3d 717, 719; cf. Giovanniello v E.W. Howell, Co., LLC, 104 AD3d 812, 814).
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court