Impagliazzo v Judlau Contr., Inc. (2025 NY Slip Op 04771)

Impagliazzo v Judlau Contr., Inc.

2025 NY Slip Op 04771

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-11951
 (Index No. 524584/19)

[*1]Ciro Impagliazzo, respondent, 
v
Judlau Contracting, Inc., et al., appellants, et al., defendant.

Cullen & Dykman LLP, New York, NY (Adam C. Del Vecchio of counsel), for appellants.
Pellegrini & Associates, LLC, New York, NY (Frank L. Pellegrini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Judlau Contracting, Inc., and Metropolitan Transit Authority appeal from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated September 8, 2023. The order, insofar as appealed from, denied those branches of those defendants' cross-motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 19, 2018, the plaintiff allegedly sustained injuries while working at a Metropolitan Transportation Authority (hereinafter MTA) construction project for the rehabilitation of the Cortlandt Street Station in Manhattan. Pursuant to a contract with the MTA, the defendant Judlau Contracting, Inc. (hereinafter Judlau), was a general contractor for certain portions of the project, including the rehabilitation of stairway H. Specifically, the plaintiff, a foreman for Judlau's plumbing subcontractor, fell while traversing a rebar mat dotted with protruding Nelson studs while being led to stairway H by Judlau's superintendent. According to Judlau's superintendent, the rebar mat had not been laid by Judlau and was located in an area outside the scope of Judlau's work on the project, but traversing the rebar mat was the only way to access stairway H.
The plaintiff commenced this action to recover damages for personal injuries against Judlau and the MTA (hereinafter together the defendants), and another defendant, alleging, inter alia, a violation of Labor Law § 200 and common-law negligence. Following the completion of discovery and in response to a motion by the plaintiff, the defendants cross-moved, among other things, for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. In an order dated September 8, 2023, the Supreme Court, inter alia, denied those branches of the defendants' cross-motion. The defendants appeal.
"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Serpas v Port Auth. of [*2]N.Y. & N.J., 218 AD3d 620, 621 [internal quotation marks omitted]; see Samperi v City Safety Compliance Corp., 225 AD3d 723, 724). "'Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed'" (Walsh v Kenny, 219 AD3d 1555, 1557, quoting Ortega v Puccia, 57 AD3d 54, 61; see Argueta v City of New York, 223 AD3d 862, 864). "Where a premises condition is at issue, [f]or liability to be imposed on the [defendant], there must be evidence showing that the [defendant] either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Walsh v Kenny, 219 AD3d at 1557 [internal quotation marks omitted]; see Serpas v Port Auth. of N.Y. & N.J., 218 AD3d at 622). "By contrast, where a claim arises out of alleged dangers or defects in the means and methods of the work, a[ ] [defendant] may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she had the authority to supervise or control the performance of the work" (Walsh v Kenny, 219 AD3d at 1557 [internal quotation marks omitted]; see Argueta v City of New York, 223 AD3d at 865).
"Where, as here, the plaintiff[ ] allege[s] that an accident involves both a dangerous condition on the premises and the means and methods of the work, a defendant 'moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards'" (Serpas v Port Auth. of N.Y. & N.J., 218 AD3d at 622, quoting Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720). "In such a case, the moving defendant may prevail only when the evidence exonerates them as a matter of law 'for all potential concurrent causes of the plaintiff's accident and injury, and . . . no triable issue of fact is raised in opposition as to either relevant liability standard'" (id. [internal quotation marks omitted], quoting Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1028).
Here, in support of their cross-motion, the defendants failed to eliminate all triable issues of fact as to whether the rebar mat dotted with protruding Nelson studs constituted a dangerous condition, whether the defendants had actual or constructive notice of the condition, and whether traversing a rebar mat of this type was an inherent risk in the plaintiff's work (see id.; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 720; see also Payne v NSH Community Servs., Inc., 203 AD3d 546, 547; Vitale v Astoria Energy II, LLC, 180 AD3d 1104; cf. Marte v Tishman Constr. Corp., 223 AD3d 527). Accordingly, the Supreme Court properly denied those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court